**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Consumer Protection Corp., | ) | No. CV 08-1983-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Neo-Tech News (fictitiously named); Joytoto USA, Inc., | ) | |
| Defendants. | ) | |

Pending before this Court is Defendant Joytoto USA, Inc.'s ("Joytoto") Motion to Dismiss for Failure to State a Claim. (Doc. #13.) For the reasons that follow, the Court denies Joytoto's motion.

## BACKGROUND

On or about August 5, 2008, Plaintiff received an unsolicited fax (the "Fax") from Neo-Tech News. (*Id*. at ¶ 19.) The Fax contained information about Joytoto and its stock ("JYTO"). (Exh. 1.) The Fax listed the share price of JYTO and stated that "JYTO IS ALREADY A WINNER!"and is a "Strong Buy." (*Id.*)

Plaintiff filed its complaint (Doc. #2-2) on September 24, 2008, alleging a violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), civil conspiracy, and aiding and abetting a violation of the TCPA. (Compl. at ¶¶ 42, 55, and 60.) Plaintiff alleges that Joytoto transmitted the Fax in violation of the TCPA, and that the transmission of the Fax

caused Plaintiff damages due to loss of paper and toner, the temporary loss of use of the facsimile machine, and the potential loss of business while its machine was receiving the Fax. (Compl. at ¶¶ 19-20, 38.) On December 8, 2008, Joytoto filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). (Doc. #13.)[1]

## ANALYSIS

### *Rule 12(b)(6) Standard*

A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). This Court construes the facts alleged in the complaint in the light most favorable to Plaintiff, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a)(2).

Under Rule 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations. *Id.*; *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). Rule 8(a)(2) requires a "'showing,' rather than a blanket assertion of alleged entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the

---

[1] Plaintiff's motion also included a motion to dismiss under 12(b)(2) (Mot. at 4); however, the motion under 12(b)(2) is moot as the party to whom it applied was dismissed. (Doc. #14.)

- 2 -

nature of the claim, but also 'grounds' on which the claim rests." *Bell Atl. Corp.,* 550 U.S. at 544 n.3. The Supreme Court established a two prong analysis for sufficiency of a complaint under Rule 8(a)(2) in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). First, the Court determines which allegations are to receive a presumption of truth, noting that legal conclusions are not presumed to be true. *Id*. Secondly, the Court determines whether the factual allegations, presumed to be true, give rise to a "plausible" claim for relief. *Id*.

*Alleged TCPA Violation Satisfies Rule 8(a)(2)*

Joytoto asserts that Plaintiff's claim against it must be dismissed on three grounds: (1) Plaintiff's complaint is inadequate under Fed. R. Civ. P. 8(a)(2); (2) Plaintiff fails to address Joytoto specifically in the complaint; and (3) the Fax is not an "unsolicited advertisement" as defined under the TCPA. The Court disagrees.

Regarding the inadequate complaint claim, the Court disagrees with Joytoto's argument that Plaintiff's complaint fails to allege sufficient facts. Under the first prong of the *Ashcroft* test, the Court must first determine which allegations are presumed to be true for the purposes of this motion. Plaintiff makes multiple allegations that the Court considers to be legal conclusions that do not merit a presumption of truth–specifically, the numerous variations of the allegation that Joytoto sent (also transmitted, broadcasted, caused to be sent) the unsolicited fax. (Compl. at ¶¶ 6, 19, 26, 42, 43.) Plaintiff also alleges, however, that Joytoto knew that the transmitted faxes were advertisements; participated in the preparation of the content of the faxes; provided or obtained the fax telephone numbers of Plaintiff and the members of the class; compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or knew that Plaintiff and other members of the class had not authorized the fax. (*Id.* at ¶ 44.) The Court finds that these allegations constitute factual allegations that are presumed to be true for the purposes of this Motion to Dismiss.

Under the second prong of the *Ashcroft* test, the Court must determine whether the allegations, taken as true, support a plausible claim for relief. The Supreme Court in *Ashcroft* stated that analysis under this prong will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950. In *Ashcroft*, the Supreme Court found that the allegations, although presumed to be true, did not raise the claim of relief from the realm of possible to that of plausible because the alleged conduct was merely parallel conduct consistent with unlawful behavior and could, with equal or greater likelihood, be compatible with lawful behavior. In this case, unlike in *Ashcroft*, the factual allegations do not describe parallel conduct; rather, they describe a clear violation of the TCPA. Moreover, based upon the pleadings before the Court, Defendant has provided no lawful explanation for why Defendant would compensate a third party to transmit faxes to parties who had not authorized their transmission. The Court therefore finds that Plaintiff alleges sufficient factual material in its Complaint to satisfy the standard under Rule 8(a)(2).

Regarding the failure to address Joytoto specifically, the cases upon which Joytoto relies to establish that Plaintiff must specify how each named defendant participated in the legal wrongs, *Hinman v. M & M Rental Center, Inc.,* 545 F. Supp. 2d 802, 805 (N.D. Ill 2008); *Closterman v. Johnson*, No. 92-514-FR, 1992 WL 220683 (D. Or. 1992), are neither convincing nor controlling. Alleging that the "defendants" committed the above-stated acts is sufficient, as Joytoto is a named defendant. Therefore, Plaintiff's TCPA violation claim is adequate under Rule 8(a)(2).

Regarding the unsolicited advertisement, the TCPA defines an unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services, which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Joytoto's argument that Plaintiff fails to allege that the Fax advertises the commercial availability or quality of JYTO is unconvincing. On a motion to dismiss, we are required to assume that all general allegations embrace whatever specific facts might be necessary to support them. *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173 (1995) (citations omitted). Therefore, requiring Plaintiff to demonstrate in detail

- 4 -

how the Fax constitutes an advertisement is unnecessary. Moreover, even if it were necessary, the fact that the Fax lists the share price and states that JYTO is a "Strong Buy" and that it is "ALREADY A WINNER" makes it reasonable to conclude, for the purposes of a motion to dismiss under Rule 12(b)(6), that the Fax was advertising JYTO. (Exh. 1.)

Joytoto further argues that JYTO does not constitute property, a good, or a service, and therefore the Fax cannot be an advertisement as defined in the statute. § 227(a)(5). This issue has never been addressed by the Ninth Circuit Court of Appeals. It is true that securities can be distinguished from the ordinary meaning of property, goods, and services; however, it is also true that, as stated above and for the purposes of Rule 12(b)(6), the Fax advertises the quality of JYTO, and that the sender of the Fax successfully shifted its advertising costs by sending the Fax, which aligns with the purpose of the prohibition. *Destination Ventures, Ltd. v. F.C.C.,* 46 F.3d 54, 56 (9th Cir. 1995) (stating that Congress's goal was to prevent the shifting of advertising costs). As we are bound to construe the facts in the light most favorable to Plaintiff, we find that Joytoto's argument will not support a motion to dismiss.

Therefore, Joytoto's motion to dismiss the TCPA violation claim under Rule 12(b)(6) is denied.

*Declaratory Judgment Is Not Duplicative*

Joytoto argues that Plaintiff's request for declaratory judgment should be dismissed because it is duplicative and unnecessary. The Court disagrees.

The TCPA explicitly permits Plaintiff to bring actions for both injunctive relief and recovery of damages. § 227(b)(3)(A-C). Plaintiff has elected to bring both such actions. (Compl. at 14.) Inasmuch as a declaration could aid Plaintiff in the pursuit of injunctive relief, it is not duplicative. Therefore, Joytoto's motion to dismiss Plaintiff's request for declaratory judgment under Rule 12(b)(6) is denied.

*Plaintiff's Civil Conspiracy and Aiding and Abetting Claims Satisfy Rule 8(a)(2)*

Joytoto argues that Plaintiff's civil conspiracy and aiding and abetting claims must be dismissed on three grounds: (1) they are derivative to the TCPA violation claim, which,

1  Joytoto argues, must also be dismissed; (2) the complaint fails to allege sufficient facts to
2  establish a basis for the claims; and (3) Plaintiff fails to specify which defendants were
3  parties to the agreement. The Court disagrees.

4  Inasmuch as the Court denied Joytoto's motion to dismiss the TCPA violation claim,
5  the Court also rejects Joytoto's argument that Plaintiff's civil conspiracy and aiding and
6  abetting claims must be dismissed on the grounds that they are derivative claims.

7  Regarding the sufficiency of the factual allegations, the Court applies the two prong
8  *Ashcroft* test described above. Under the first prong, although Plaintiff alleges a substantial
9  number of legal conclusions that do not merit a presumption of truth (Compl. at ¶¶ 55, 56,
10 60(c)(iii-iv)), Plaintiff also includes factual allegations that merit a presumption of truth.
11 Plaintiff alleges that Defendants provided the fax numbers of Plaintiff and other members of
12 the class (Compl. at ¶ 44); Defendants compensated a third party for the transmission of the
13 fax (*Id.*); Defendants knew that Plaintiff and other members of the class had not authorized
14 the transmission of the fax; and Defendants provided the information contained in the fax.
15 (Compl. at ¶ 60(c)(i)). Under the second prong, these factual allegations, taken as true,
16 support a claim for both civil conspiracy and aiding and abetting. Moreover, the factual
17 allegations, when taken as a whole, are not compatible with any lawful behavior. The Court
18 therefore finds that Plaintiff's claims of civil conspiracy and aiding and abetting are sufficient
19 under Rule 8(a)(2).

20 Moreover, Joytoto's argument that Plaintiff fails to specify which defendants were
21 party to the agreement fails because, inasmuch as Joytoto is a named defendant, it is
22 sufficiently put on notice that it is accused of civil conspiracy.

23 Therefore, Joytoto's motion to dismiss the civil conspiracy and aiding and abetting
24 claims pursuant to Rule 12(b)(6) is denied.

25 ///
26 ///
27 ///
28

Accordingly,

**IT IS ORDERED** that Defendant Joytoto USA Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. #13) is **DENIED**.

DATED this 16th day of July, 2009.

_____
James A. Teilborg
United States District Judge